No. 23-11753

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

◆

In re: WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH

◆

On Petition for Writ of Mandamus from the United States District Court
for the Middle District of Alabama
Case No. 2:22-cv-184-LCB

## STATE RESPONDENTS' MOTION TO ASSIGN PROCEEDING TO
## PRELIMINARY INJUNCTION PANEL

Christopher Mills
SPERO LAW LLC
557 East Bay Street, #22251
Charleston, SC 29413
(843) 606-0640
CMills@Spero.law

David H. Thompson
Peter A. Patterson
Brian W. Barnes
John D. Ramer
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
bbarnes@cooperkirk.com
jramer@cooperkirk.com

Roger G. Brooks
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0200
rbrooks@adflegal.org

Steve Marshall
  *Attorney General*
Edmund G. LaCour Jr.
  *Solicitor General*
A. Barrett Bowdre
  *Principal Deputy Solicitor General*
Bethany C. Lee
  *Assistant Solicitor General*
James W. Davis
  *Deputy Attorney General*
Benjamin M. Seiss
Charles A. McKay
  *Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Bethany.Lee@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

*In re World Professional Association for Transgender Health*, No. 23-11753

**CERTIFICATE OF INTERESTED PERSONS**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1(a)(3) and 26.1-2(b), the undersigned counsel certifies that the following listed persons and parties may have an interest in the outcome of this case:

1.      Abdul-Latif, Hussein – Amicus Curiae;

2.      Academic Pediatric Association – Amicus Curiae;

3.      Aderholt, Caroline M. – Amicus Curiae;

4.      Aderholt, Robert – Amicus Curiae;

5.      Advancing American Freedom, Inc. – Amicus Curiae;

6.      Advancing LGBTQ Equality – Amicus Curiae;

7.      Agricola, Algert Swanson (Jr.) – Counsel for Amicus Curiae;

8.      Alabama Center for Law and Liberty – Amicus Curiae;

9.      Alabama Chapter of the American Academy of Pediatrics – Amicus Curiae;

10.     Alaska, State of – Amicus Curiae;

11.     Alstott, Anne – Amicus Curie;

12.     America First Legal Foundation – Amicus Curiae;

13.     American Academy of Child and Adolescent Psychiatry – Amicus Curiae;

14.   American Academy of Family Physicians – Amicus Curiae;

15.   American Academy of Pediatrics – Amicus Curiae;

16.   American Academy of Nursing – Amicus Curiae;

17.   American Association of Physicians for Human Rights, Inc. – Amicus Curiae;

18.   American College of Obstetricians and Gynecologists – Amicus Curiae;

19.   American College of Osteopathic Pediatricians – Amicus Curiae;

20.   American College of Physicians – Amicus Curiae;

21.   American Family Association, Inc. – Amicus Curiae;

22.   American Medical Association – Amicus Curiae;

23.   American Pediatric Society – Amicus Curiae;

24.   American Psychiatric Association – Amicus Curiae;

25.   Americans United for Life – Amicus Curiae

26.   Arnold, Stephanie York – Amicus Curiae;

27.   Association of American Medical Colleges – Amicus Curiae;

28.   Association of Medical School Pediatric Department Chairs – Amicus Curiae;

29.   Andersen, Alison L. – Counsel for Amici Curiae;

30.   Anderson, Tom – Defendant;

31.    Arizona, State of – Amicus Curiae;

32.    Arkansas, State of – Amicus Curiae;

33.    Austin, Heather – Plaintiff;

34.    Australian Professional Association for Trans Health (The) – Amicus Curiae;

35.    Baia, Elizabeth – Counsel for Amici Curiae;

36.    Bailey, Daryl D. – Defendant;

37.    Barday, Shireen A. – Counsel for Amici Curiae;

38.    Barham, Richard – Amicus Curiae;

39.    Barnes, Brian W. – Counsel for Defendants;

40.    Barnhart, Dr. David L. (Jr.) – Amicus Curiae;

41.    Becker, Laura – Amicus Curiae;

42.    Beninati, Nancy – Counsel for Amici Curiae;

43.    Berg, Rachel H. – Counsel for Plaintiffs;

44.    Blakemore, Robin – Amicus Curiae;

45.    Blaylock, C. Wilson – Defendant;

46.    Boccuzzi, Carmine D, (Jr.) – Counsel for Amici Curiae;

47.    Boe, Brianna – Plaintiff (pseudonym);

48.    Boergers, Kathleen – Counsel for Amici Curiae;

49.    Bonta, Rob – Counsel for Amici Curiae;

*In re World Professional Association for Transgender Health*, No. 23-11753

50.  Boulware, Susan D. – Amicus Curiae;

51.  Bowdre, Alexander Barrett – Counsel for Defendants;

52.  Brooks, Mo – Amicus Curiae;

53.  Brooks, Roger – Counsel for Defendants;

54.  Buckeye Institute (The) – Amicus Curiae;

55.  Bundesverbrand Trans* e.V. – Amicus Curiae;

56.  Bridges, Dr. Rebecca L. – Amicus Curiae;

57.  Bronni, Nicholas J. – Counsel for Amici Curiae;

58.  Brown, Chip – Amicus Curiae;

59.  Broyles, Vernadette R. – Counsel for Amici Curiae;

60.  Bryan, Chad W. – U.S. Magistrate Judge;

61.  Burke, Liles C. – U.S. District Court Judge;

62.  Burleigh, Billy – Amicus Curiae;

63.  California, State of – Amicus Curiae;

64.  Cantrell, Michael A. – Counsel for Amici Curiae;

65.  Cardinal Institute for West Virginia Policy – Amicus Curiae;

66.  Carl, Jerry L. – Amicus Curiae;

67.  Carr, Danny – Defendant;

68.  Center for Arizona Policy – Amicus Curiae;

69.  Center for Family and Human Rights – Amicus Curiae;

*In re World Professional Association for Transgender Health*, No. 23-11753

70.    Central Conference of American Rabbis – Amicus Curiae;

71.    Cheek, Jason R. – Counsel for Intervenor-Plaintiff;

72.    Child & Parental Rights Campaign, Inc. – Counsel for Amici Curiae;

73.    Citizens United Foundation – Amicus Curiae;

74.    Clark, Matthew J. – Counsel for Amici Curiae;

75.    Clarke, Kristen – Counsel for Intervenor-Plaintiff;

76.    Coe, Brian – Amicus Curiae (pseudonym);

77.    Coe, Laura – Amicus Curiae (pseudonym);

78.    Colavecchio, J.D. – Counsel for Amici Curiae;

79.    Colorado, State of – Amicus Curiae;

80.    Commonwealth Foundation for Public Policy Alternative (The) – Amicus Curiae;

81.    Concerned Women for America – Amicus Curiae;

82.    Connecticut, State of – Amicus Curiae;

83.    Conrady, Julie – Amicus Curiae;

84.    Cooper, Erica – Amicus Curiae;

85.    Davies, Andrew Rhys – Counsel for Amici Curiae;

86.    Davis, James William – Counsel for Defendants;

87.    Delaware, State of – Amicus Curiae;

88.    Dermody, Eliza – Counsel for Intervenor-Plaintiff;

*In re World Professional Association for Transgender Health*, No. 23-11753

89. Dingus, Jaimie – Amicus Curiae;

90. District of Columbia – Amicus Curiae;

91. Doss, Jeffrey P. – Counsel for Plaintiffs;

92. Eagan, Melody Hurdle – Counsel for Plaintiffs;

93. Eagle Forum of Alabama – Amicus Curiae;

94. Elgart, Allison – Counsel for Amici Curiae;

95. Elias, Nimrod Pitsker – Counsel for Amici Curiae;

96. Elliott, T. Christopher – Amicus Curiae;

97. Endocrine Society (The) – Amicus Curiae;

98. Eknes-Tucker, Paul A. – Plaintiff;

99. Escalona, Elizabeth Prim Formby – Counsel for Intervenor-Plaintiff;

100. Ethics and Public Policy Center – Amicus Curiae;

101. Faith & Freedom Coalition – Amicus Curiae;

102. Family Action Counsel of Tennessee (The) – Amicus Curiae;

103. Federación Colectivo Hombres XX, AC – Amicus Curiae;

104. Finney, Johnny R. (II) – Amicus Curiae;

105. Foster, Carolyn – Amicus Curiae;

106. Foundation for Government Accountability (The) – Amicus Curiae;

107. Foundation for Moral Law – Amicus Curiae;

108. Frampton, Henry W. IV – Counsel for Defendants;

*In re World Professional Association for Transgender Health*, No. 23-11753

109.    Free Speech Coalition – Amicus Curiae;

110.    Frontline Policy Council – Amicus Curiae;

111.    Fuller, David – Amicus Curiae;

112.    G. C. – Amicus Curiae (pseudonym);

113.    Gardner, Christopher J. – Counsel for Amici Curiae;

114.    Genau, Joseph – Amicus Curiae;

115.    George, Renu R. – Counsel for Amici Curiae;

116.    Georgia, State of – Amicus Curiae;

117.    Gibson, Henry N. – Amicus Curiae;

118.    Global Justice Institute – Amicus Curiae;

119.    Goldberg, Noah Shea – Counsel for Amici Curiae;

120.    Graham, John Mark – Counsel for Amici Curiae;

121.    Gray, C. Boyden – Counsel for Amici Curiae;

122.    Hamilton, Gene – Counsel for Amici Curiae;

123.    Hamilton-Poore, Dr. Samuel F. – Amicus Curiae;

124.    Hamilton-Poore, Terry – Amicus Curiae;

125.    Hasson, Mary Rice – Amicus Curiae;

126.    Hawaii, State of – Amicus Curiae;

127.    Health Professionals Advancing LGBTQ Equality – Amicus Curiae;

128.    Hecker, Elizabeth P. – Appellate Counsel for Intervenor-Plaintiff;

*In re World Professional Association for Transgender Health*, No. 23-11753

129.  Henkin, Steven – Amicus Curiae;

130.  Hilbert, Kurt R. – Counsel for Amici Curiae;

131.  Hopkins, C. Lynn – Amicus Curiae;

132.  Hutchinson, Laura – Amicus Curiae;

133.  Illinois, State of – Amicus Curiae;

134.  Independent Women's Forum – Amicus Curiae;

135.  Indiana, State of – Amicus Curiae;

136.  Isaacson, Eric Alan – Counsel for Amici Curiae;

137.  Isasi, William – Counsel for Amici Curiae;

138.  Isner, Shane – Amicus Curiae;

139.  Ivey, Kay – Defendant;

140.  Jacobs, Dylan L. – Counsel for Amici Curiae;

141.  Jauregui, Phillip Leo – Counsel for Amici Curiae;

142.  Jimmerson, Dr. Ellin – Amicus Curiae;

143.  John Locke Foundation – Amicus Curiae;

144.  Jordan, Albert Linch – Counsel for Amici Curiae;

145.  Judicial Watch (The) – Amicus Curiae;

146.  Kamody, Rebecca – Amicus Curiae;

147.  Kerschner, Helena – Amicus Curiae;

148.  Koe, Rachel – Plaintiff (pseudonym);

*In re World Professional Association for Transgender Health*, No. 23-11753

149.  Kuper, Laura – Amicus Curiae;

150.  Krishna, Praveen S. – Appellate Counsel for Intervenor-Plaintiff;

151.  LGBT+ Denmark – Amicus Curiae;

152.  LaCour, Edmund G. (Jr.) – Counsel for Defendants;

153.  Lamar-Hart, Cynthia – Amicus Curiae;

154.  Lannin, Cortlin H. – Counsel for Amici Curiae;

155.  Lanosa, Michael – Counsel for Amici Curiae;

156.  Lareau, Alyssa C. – Counsel for Intervenor-Plaintiff;

157.  Lee, Bethany C. – Counsel for Defendants;

158.  Levi, Jennifer L. – Counsel for Plaintiffs;

159.  Liberty Justice Center (The) – Amicus Curiae;

160.  Loe, Brian – Amicus Curiae (pseudonym);

161.  Loe, Sarah – Amicus Curiae (pseudonym);

162.  Loper, Dr. Helene – Amicus Curiae;

163.  Louisiana, State of – Amicus Curiae;

164.  Louisiana Family Forum – Amicus Curiae;

165.  Madden, Wendy Ann – Counsel for Amici Curiae;

166.  Maine, State of – Amicus Curiae;

167.  Manhattan Institute – Amicus Curiae;

168.  Marshall, Margaret L. – Counsel for Intervenor-Plaintiff;

*In re World Professional Association for Transgender Health*, No. 23-11753

169.  Marshall, Steve – Defendant;

170.  Martinez, Gabriel – Counsel for Amici Curiae;

171.  Martinez, Michael Rodriguez – Counsel for Amici Curiae;

172.  Maryland, State of – Amicus Curiae;

173.  Massachusetts, State of – Amicus Curiae;

174.  Mattern, David P. – Counsel for Plaintiffs;

175.  McAlister, Mary E. – Counsel for Amici Curiae;

176.  McKay, Charles Arthur – Counsel for Defendants;

177.  McCotter, R. Trent – Counsel for Amici Curiae;

178.  McCoy, Scott D. – Counsel for Plaintiffs;

179.  McNamara, Meredithe – Amicus Curiae;

180.  Medical Association of Pediatric Nurse Practitioners – Amicus Curiae;

181.  Men of Reform Judaism – Amicus Curiae;

182.  Michigan Family Forum – Amicus Curiae;

183.  Mills, Christopher Ernest – Counsel for Defendants;

184.  Minnesota, State of – Amicus Curiae;

185.  Mississippi, State of – Amicus Curiae;

186.  Missouri, State of – Amicus Curiae;

187.  Mitchell, Jonathan F. – Counsel for Amici Curiae;

188.  Moe, Jane – Plaintiff (pseudonym);

*In re World Professional Association for Transgender Health*, No. 23-11753

189. Moe, Robert – Plaintiff (pseudonym);

190. Montag, Coty Rae – Counsel for Intervenor-Plaintiff;

191. Montana, State of – Amicus Curiae;

192. Mooney, Arnold – Amicus Curiae;

193. Moore, Barry – Amicus Curiae;

194. Mor, Yuval – Counsel for Amici Curiae;

195. Morrison, Rachel N. – Counsel for Amici Curiae;

196. Mountain States Legal Foundation – Amicus Curiae;

197. Murphy, Amie – Counsel for Intervenor-Plaintiff;

198. National Association of Pediatric Nurse Practitioners – Amicus Curiae;

199. National Republic Redistricting Trust – Amicus Curiae;

200. National Right to Work Committee (The)– Amicus Curiae;

201. Nebraska, State of – Amicus Curiae;

202. Nevada, State of – Amicus Curiae;

203. New Jersey, State of – Amicus Curiae;

204. New Mexico, State of – Amicus Curiae;

205. New York, State of – Amicus Curiae;

206. Newton, Nicole – Amicus Curiae;

207. Noe, Kathy – Plaintiff (pseudonym);

*In re World Professional Association for Transgender Health*, No. 23-11753

208. North Carolina, State of – Amicus Curiae;

209. Norwegian Organization for Sexual and Gender Diversity (The) – Amicus Curiae;

210. Oklahoma, State of – Amicus Curiae;

211. Oklahoma Council of Public Affairs – Amicus Curiae;

212. Oladeinbo, Gilbert Olusengun – Counsel for Plaintiffs;

213. Olezeski, Christy – Amicus Curiae;

214. Olson, William J. – Counsel for Amici Curiae;

215. Oregon, State of – Amicus Curiae;

216. Ormand, Justin L. – Counsel for Amici Curiae;

217. Orr, Asaf – Counsel for Plaintiffs;

218. Palmer, Gary – Amicus Curiae;

219. Parental Rights Foundation – Amicus Curiae;

220. Patterson, Peter A. – Counsel for Defendants;

221. Pediatric Endocrine Society – Amicus Curiae;

222. Pennsylvania, State of – Amicus Curiae;

223. Pennsylvania Family Counsel – Amicus Curiae;

224. Perigoe, Kelly – Counsel for Plaintiffs;

225. Peterson, Misty L. – Counsel for Plaintiffs;

226. Pickren, Robert C. – Counsel for Intervenor-Plaintiff;

*In re World Professional Association for Transgender Health*, No. 23-11753

227.  Poe, Megan – Plaintiff (pseudonym);

228.  Powers, John Michael – Counsel for Intervenor-Plaintiff;

229.  Pratt, James Andrew – Counsel for Plaintiffs;

230.  Private Citizen -Amicus Curiae;

231.  Professional Association for Transgender Health Aotearoa New Zealand (The) – Amicus Curiae;

232.  Protect Our Kids – Amicus Curiae

233.  Public Interest Legal Foundation (The) - Amicus Curiae;

234.  Ragsdale, Barry Alan – Counsel for Amici Curiae;

235.  Ramer, John D. – Counsel for Defendants;

236.  Ray, Brent P. – Counsel for Plaintiffs;

237.  Religious RoundTable, Inc. (The) – Amicus Curiae;

238.  Riehl, Christina – Counsel for Amici Curiae;

239.  Reinke, Adam – Counsel for Plaintiffs;

240.  Renner, Steven S. – Amicus Curiae;

241.  Reynolds, Laura – Amicus Curiae;

242.  Rhode Island, State of – Amicus Curiae;

243.  Robin-Vergeer, Bonnie – Appellate Counsel for Intervenor-Plaintiff;

244.  Roe, Rebecca – Plaintiff (pseudonym);

245.  Rogers, Mike – Amicus Curiae;

*In re World Professional Association for Transgender Health*, No. 23-11753

246. Rothbauer, Chris – Amicus Curiae;

247. Rutledge, Leslie – Counsel for Amici Curiae;

248. Saei, Yusuf – Counsel for Plaintiffs;

249. Sanders, Jennifer – Amicus Curiae;

250. Schwabauer, Barbara – Appellate Counsel for Intervenor-Plaintiff;

251. Seiss, Benjamin Matthew – Counsel for Defendants;

252. Seta ry / Seta rf / Seta Lgbtiq Rights in Finland – Amicus Curiae;

253. Shortnacy, Michael B. – Counsel for Plaintiffs;

254. Silva, Dylan M. – Counsel for Amici Curiae;

255. Simpson, Matt – Amicus Curiae;

256. Societies for Pediatric Urology – Amicus Curiae;

257. Society for Adolescent Health and Medicine – Amicus Curiae;

258. Society for Pediatric Research – Amicus Curiae;

259. Society of Pediatric Nurses – Amicus Curiae;

260. Soe, Melissa – Amicus Curiae (pseudonym);

261. Soto, Diego Armando – Counsel for Plaintiffs;

262. South Carolina, State of – Amicus Curiae;

263. Southeast Conference of the United Church of Christ – Amicus Curiae;

264. Southeast Law Institute – Amicus Curiae;

265. Smalts, Laura Perry – Amicus Curiae;

*In re World Professional Association for Transgender Health*, No. 23-11753

266.  Smith, John – Amicus Curiae;

267.  Spakovsky, Hans Von – Amicus Curiae;

268.  Stewart, Sandra Jean – Counsel for Intervenor-Plaintiffs;

269.  Strickland, Kevin L. – Amicus Curiae;

270.  Stoll, Christopher F. – Counsel for Amici Curiae;

271.  Stone, Jessica Lynn – Counsel for Plaintiffs;

272.  Stonewall UK – Amicus Curiae;

273.  Susan B. Anthony Pro-Life America – Amicus Curiae;

274.  Swedish Federation for Lesbian, Gay, Bisexual, Transgender, Queer and Intersex Rights (The) – Amicus Curiae;

275.  Szilagyi, Nathalie – Amicus Curiae;

276.  Tea Party Patriots Action, Inc. – Amicus Curiae;

277.  Tea Party Patriots Foundation, Inc. – Amicus Curiae;

278.  Tennessee Eagle Forum – Amicus Curiae;

279.  Terry, Abigail Hoverman – Counsel for Plaintiffs;

280.  Texas, State of – Amicus Curiae;

281.  Texas Public Policy Foundation – Amicus Curiae;

282.  Thomason, Beth – Amicus Curiae;

283.  Thompson, David H. – Counsel for Defendants;

284.  Thornton, Joel H. – Counsel for Amici Curiae;

285. Toyama, Kaitlin – Counsel for Intervenor-Plaintiff;

286. Trevor Project (The) – Amicus Curiae;

287. Union for Reform Judaism – Amicus Curiae;

288. United States of America – Intervenor-Plaintiff;

289. Unitarian Universalist Association – Amicus Curiae;

290. Universal Fellowship of Metropolitan Community Churches – Amicus Curiae;

291. Utah, State of – Amicus Curiae;

292. Vermont, State of – Amicus Curiae;

293. Voe, Robert – Plaintiff (pseudonym);

294. Voights, Anne M. – Counsel for Plaintiffs;

295. Wadsworth, Stephen D. – Counsel for Intervenor-Plaintiff;

296. Wadsworth, Tim R. – Amicus Curiae;

297. Waggoner, J. T. – Amicus Curiae;

298. Walker, Susan Russ – U.S. Magistrate Judge;

299. Warbelow, Sarah – Counsel for Plaintiffs;

300. Washington, State of – Amicus Curiae;

301. Weaver, Lily – Counsel for Amici Curiae;

302. Weaver, Susan Kay – Counsel for Amici Curiae;

303. Wenck, Julia H. – Counsel for Amici Curiae;

*In re World Professional Association for Transgender Health*, No. 23-11753

304.   West Virginia, State of – Amicus Curiae;

305.   Wilkerson, Mark Douglas – Counsel for Amici Curiae;

306.   Williams, Renee – Counsel for Intervenor-Plaintiff;

307.   Wilson, Thomas Alexander – Former Counsel for Defendants;

308.   Wood, Kimberly – Amicus Curiae;

309.   Woodke, Lane Hines – Counsel for Intervenor-Plaintiff;

310.   Women of Reform Judaism – Amicus Curiae;

311.   World Professional Association for Transgender Health – Amicus Curiae;

312.   Vague, Amie A. – Counsel for Plaintiffs;

313.   Vance, Robert S. (III) – Counsel for Amici Curiae;

314.   Ventiere, Jessica – Defendant;

315.   Veta, D. Jean – Counsel for Amici Curiae;

316.   Walker, Susan Russ – U.S. Magistrate Judge;

317.   Weaver, Cynthia Cheng-Wun – Counsel for Plaintiffs;

318.   Zelbo, Howard S. – Counsel for Amici Curiae;

319.   Zoe, James – Plaintiff (pseudonym).

Respectfully submitted this 30th day of May, 2023.


s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr.
*Counsel for State Respondents*

# TABLE OF CONTENTS

Certificate of Interested Persons ........................................................... C-1

Table of Contents ................................................................................... i

Table of Authorities .............................................................................. iii

Introduction ........................................................................................... 1

Background ............................................................................................ 2

    A.    The Alabama Vulnerable Child Compassion and Protection Act ...................................................................... 2

    B.    Plaintiffs and the United States Argued for Heightened Scrutiny and Asked the Court to Defer to the Authority of Their Preferred Medical Interest Groups ....................... 3

    C.    The District Court Relied on WPATH's Guidelines When It Granted a Preliminary Injunction ........................... 4

    D.    This Court Heard the Appeal of the Preliminary Injunction ...................................................................... 5

    E.    Defendants Subpoena WPATH, Which Unsuccessfully Moves to Quash the Subpoena ........................................ 6

    F.    WPATH Did Not Comply and Instead Attempts to Appeal ...................................................................... 7

Argument ............................................................................................... 9

    I.    The Court Could Reach Inconsistent Judgments If This Proceeding Is Not Assigned To The Panel Hearing The Preliminary Injunction Appeal ....................................... 9

    II.    Assignment To The Same Panel Would Promote Judicial Economy ............................................................ 11

Conclusion ............................................................................................. 11

Certificate of Compliance ..................................................................... 13

Certificate of Service ............................................................................ 14

## TABLE OF AUTHORITIES

**Cases**

*Cooey v. Strickland*, 474 F.3d 268, 271 (6th Cir. 2007)............................................9

*Eknes-Tucker v. Gov. of Ala.*, No. 22-11707
    (11th Cir. filed June 27, 2022)..........................................................................1, 5

*Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993)............................................11

**Statutes**

28 U.S.C. § 1292(b) ..............................................................................................1, 7

Ala. Code § 26-26-2................................................................................................2

Ala. Code § 26-26-4(a) ...........................................................................................2

**INTRODUCTION**

The State Defendants—Respondents here—respectfully move this Court to assign this proceeding to the panel already considering an existing appeal stemming from the preliminary injunction entered in the same case: *Eknes-Tucker v. Governor of Ala.*, No. 22-11707 (11th Cir.).[1] There is good cause to do so, as both the preliminary injunction appeal and this proceeding concern related issues of fact and law. The underlying case is a constitutional challenge to Alabama's Vulnerable Child Compassion and Protection Act, which protects children from risky gender transition interventions. Applying heightened scrutiny and relying on the guidelines issued by the World Professional Association for Transgender Health (WPATH), the district court preliminarily enjoined the Act. A panel of this Court heard argument on Defendants' appeal of that injunction in November 2022. The appeal remains pending.

Discovery is ongoing below. The district court denied WPATH's motion to quash Defendants' subpoena for information about the development of its guidelines and denied permission to file an interlocutory appeal under 28 U.S.C. § 1292(b). Nonetheless, WPATH now purports to seek appellate review of the very decision the district court denied WPATH permission to appeal.

---

[1] Respondents note that the docket for this proceeding lists the *Eknes-Tucker* preliminary injunction appeal, case no. 22-11707, as a related case, of which this proceeding is a "member." It is unclear whether that designation means that the same panel will decide both proceedings, so Respondents file this motion out of an abundance of caution.

Both this resulting proceeding and the existing preliminary injunction appeal implicate related issues: whether and how heightened scrutiny applies. And this proceeding involves time-sensitive discovery matters, making efficient resolution by a panel already familiar with the case especially important. To avoid inconsistent results and promote judicial economy, this proceeding should be assigned to the same panel hearing the preliminary injunction appeal.

## BACKGROUND

### A.    The Alabama Vulnerable Child Compassion and Protection Act.

On April 8, 2022, Alabama passed the Vulnerable Child Compassion and Protection Act. The Act recognized that most children with gender dysphoria grow up to identify with their biological sex; that transitioning interventions are unproven, poorly studied, and carry serious risks; and that "[m]inors, and often their parents, are unable to comprehend and fully appreciate the risk and life implications, including permanent sterility," that may result. Ala. Code § 26-26-2. Accordingly, Alabama prohibited the administration of certain drugs and surgeries "upon a minor if the practice is performed for the purpose of attempting to alter the appearance of or affirm the minor's perception of his or her gender or sex, if that appearance or perception is inconsistent with the minor's sex." *Id.* § 26-26-4(a).

**B.**   **Plaintiffs and the United States Argued for Heightened Scrutiny and Asked the Court to Defer to the Authority of Their Preferred Medical Interest Groups.**

Plaintiffs and the United States challenged Alabama's law on the basis that it regulates "medically necessary" care in a manner that violates the Constitution. *See* Pls' Compl., Doc. 159 ¶¶38, 41, 72, 82, 83, 98, 99, 105, 106; U.S. Compl., Doc. 92 ¶¶4, 6, 7, 8, 9, 45, 48, 52, 54. Plaintiffs raised several theories that implicated heightened scrutiny. First, they raised a substantive due process claim, arguing that the Act violates parents' "fundamental right" by "preventing [them] from obtaining medically necessary care for their minor children," thus triggering "strict scrutiny." Pls.' Compl., Doc. 159 ¶¶99-100. They also raised Equal Protection claims, arguing that the Act is "subject to heightened scrutiny" because it imposes "sex-based classifications," as well as "subject to strict scrutiny" because it imposes "transgender classifications." *Id.* ¶¶107-10. And they argued that the Act ultimately fails any level of scrutiny because it restricts "essential medical care." *Id.* ¶¶111-12.

To show that transitioning treatments for minors are "medically necessary," Plaintiffs and the United States have relied heavily (if not primarily) on the imprimatur of medical interest groups, particularly WPATH. The United States' factual allegations about the "standard of care for treating transgender youth" contain repeated appeals to the authority of WPATH. U.S. Compl., Doc. 92 ¶¶28, 33, 36-39. Plaintiffs likewise relied on WPATH's guidelines, expressly tying their proposed

constitutional standard to the guidelines and the position of medical interest groups that endorse them. Pls' Compl., Doc. 159 ¶¶29-31; *see also* Pls' Preliminary Injunction Motion, Doc. 8 at 29; *see id.* at 21, 24, 36.

WPATH itself came to the district court as *amicus curiae*, urging the court to rely on its authority and representing that its views constitute "important expertise." Interest Groups' Amicus Br., Doc. 91-1 at 12. WPATH argued that its "established, evidence-based clinical guidelines" represent the "widely accepted recommendation of the medical community" in favor of transitioning treatments. *Id.* at 13, 16-27 (footnotes omitted).

### C.  The District Court Relied on WPATH's Guidelines When It Granted a Preliminary Injunction.

At the preliminary injunction stage, the district court agreed with Plaintiffs' framing and relied on WPATH's Standards of Care to preliminarily enjoin enforcement of Alabama's law. It found that "Parent Plaintiffs are substantially likely to show that they have a fundamental right to treat their children with transitioning medications *subject to medically accepted standards*" because "the uncontradicted record evidence is that at least twenty-two major medical associations in the United States endorse transitioning medications" as described in the WPATH Standards of Care. PI Op., Doc. 112-1 at 16-17 (emphasis added); *see id.* at 4 n.4, 19, 24 (similar). The court also held that, under Equal Protection doctrine, the Act is subject to intermediate scrutiny because it imposes a sex-based classification. *Id.* at 23.

4

When it came time to apply heightened scrutiny, the court again relied on the expertise of the medical interest groups, particularly WPATH—whose Standards of Care the court emphasized were endorsed by "twenty-two major medical associations" as "evidence-based methods for treating gender dysphoria in minors." *Id.* at 4 & n.4. So, though the court recognized Alabama's concern that "transitioning medications come with risks," and though it specifically found that those risks "include[] loss of fertility and sexual function," it nonetheless concluded: "Nevertheless, *WPATH* recognizes transitioning medications as established medical treatments and publishes a set of guidelines for treating gender dysphoria in minors with these medications." *Id.* at 3-4 (emphasis added). The court thus determined that the Act could likely not survive heightened scrutiny and preliminarily enjoined enforcement of the Act. *Id.* at 21, 24.

### D. This Court Heard the Appeal of the Preliminary Injunction.

In June 2022, Defendants appealed the preliminary injunction. Opening Br., *Eknes-Tucker v. Gov. of Ala.*, No. 22-11707 (11th Cir. filed June 27, 2022). A panel of this Court held oral argument on November 18, 2022. As in the district court, the parties on appeal disputed the reliability of WPATH's Standards of Care and the appropriate level of scrutiny. And Defendants argued that rational basis review was the appropriate standard of scrutiny, *id.* at 50-55, while Plaintiffs argued for strict or

heightened scrutiny, again relying on the standards set out by WPATH, Resp. Br. of Private Pls at 27, 58; Resp. Br. of United States at 25.

The appropriate level of scrutiny was a focal point of discussion during oral argument. Oral Arg. at 6:30-12:00; 23:10-25:35. The panel also discussed whether the Act implicates a substantive due process right—and thus is subject to strict scrutiny—given the dispute over accepted medical standards. Plaintiffs argued that "[t]he limiting principle" "in this case" is that "we have the standard of care," "the most widely recognized standard of care" "in the medical community," being "banned" by the State. *Id.* at 21:48-22:40.

### E.   Defendants Subpoena WPATH, Which Unsuccessfully Moves to Quash the Subpoena.

While this Court considered the appeal, discovery proceeded in the district court. Given the key dispute over the scientific rigor of the standards endorsed by the groups Plaintiffs relied on, Defendants propounded a third-party subpoena on WPATH to seek information about the development of its guidelines. *See* Doc. 208-2 at 56-70; Doc. 263 at 2. Though Defendants narrowed their requests to alleviate WPATH's concerns about production burdens, WPATH moved to quash the subpoena. *Id.*

The district court held two hearings and denied the motion in an extensive opinion. The court found that Defendants' subpoena sought relevant material: "WPATH's standards for treating gender dysphoria in minors go to 'the very heart'

of this case," a contention that "[n]either WPATH nor the private plaintiffs dispute."

Doc. 263 at 5. According to the court, "WPATH's guidelines are part and parcel of

Plaintiffs' proposed constitutional standard in this case." *Id.* at 7.

The court also found that "WPATH ha[d] presented no argument sufficient to

convince [the court] that the burden of production is disproportionate to the case's

needs, particularly in light of the requested information's crucial import in this liti-

gation." *Id.* at 7. It found as a factual matter that WPATH failed to "make a *prima*

*facie* showing that compliance would infringe a First Amendment right." *Id.* at 8.

And it rejected WPATH's arguments about "so-called developments" in "federal

court proceedings in Washington, D.C.," finding that they had "no material bearing

on the merits of [WPATH's] motion" because the case WPATH relied on "in no

way turns upon WPATH's guidelines." *Id.* at 3 n.2.

### F.    WPATH Did Not Comply and Instead Attempts to Appeal.

Rather than complying with the subpoena, WPATH moved the district court

to certify its routine, fact-bound discovery order for immediate interlocutory appeal

under 28 U.S.C. § 1292(b) and requested a stay. The court denied both motions. Doc.

281. The court held that the certification request "contain[ed] at least two fatal

flaws." *Id.* at 4. "First, the Court's decision does not present a pure question of law"

because "[w]hether WPATH made a *prima facie* showing of First Amendment in-

fringement is a question that necessarily requires application of law to fact." *Id.* at

4-5. The court found that WPATH's argument "clearly mischaracterizes the Court's previous decision" by suggesting that it held "that First Amendment infringement results only from threats, harassment, or reprisals." *Id.* at 6. But "the Court reached no such 'holding,'" instead finding that "WPATH presented insufficient evidence of threats, harassment, reprisals, or any other sort of chill." *Id.* Second, the court independently denied certification because "interlocutory appeal of the Court's decision could not materially advance this litigation": "However an appeals court might resolve the *prima facie* issue," the court stated, "WPATH's motion to quash would be denied once again on remand. Defendants have unquestionably proffered a compelling governmental interest, and that interest is substantially related to the requested documents." *Id.* at 8.

Despite the district court denying interlocutory certification, WPATH now attempts to accomplish the same thing by seeking mandamus review of the district court's discovery order. Disposing of this petition is time-sensitive. Just a few months before trial was set to begin in August, Defendants had to seek an extension of the trial schedule because of discovery delays in part caused by WPATH. Doc. 279. At the hearing resetting trial for April, the court did not mince words: for the case to stay on the new schedule, "discovery [needs] to start moving really, really, really fast." Doc. 288 at 37.

## ARGUMENT

Assigning this proceeding to the same panel already considering the preliminary injunction appeal would promote both consistency in this Court's decisions and judicial economy. If the proceeding were assigned to different panels, this Court could reach conflicting conclusions about heightened scrutiny and how it applies *in this case*. Moreover, the existing panel is already familiar with the background and details of the case; given the need for timely discovery, efficient resolution of this appeal is significant for both the judicial system and the parties to the case. This proceeding should thus be assigned to the existing panel. *See, e.g.*, *Cooey v. Strickland*, 474 F.3d 268, 271 (6th Cir. 2007) ("Not just our best efforts at issuing consistent decisions as a court, but judicial economy as well, favor asking the panel that is most intimately familiar with the underlying merits issues to resolve [a related proceeding].").

## I.    The Court Could Reach Inconsistent Judgments If This Proceeding Is Not Assigned To The Panel Hearing The Preliminary Injunction Appeal.

A significant issue in both the preliminary injunction appeal and this proceeding is the appropriate level of scrutiny triggered by Alabama's law. This issue was extensively litigated by all parties in the existing appeal, *see supra* pages 2-6, and this proceeding likewise implicates it: As the district court recognized, WPATH

9

seeks to quash discovery of materials shedding light on its Standards of Care that are "part and parcel of Plaintiffs' proposed constitutional standard." Doc. 263 at 7.

The risk of inconsistent judgments is thus evident. To balance the relevancy and burdensomeness of the discovery subpoena involved in *this* proceeding, the Court may need to consider the applicable level of scrutiny for the underlying claims. But that is already a central question before the preliminary injunction panel. Unless the proceedings are assigned to the same panel, it is possible that the panel hearing this proceeding could (among other options) (1) determine that heightened scrutiny applies and thus affirm the district court's discovery order, (2) determine that, even if heightened scrutiny applied, the WPATH Standards of Care and the opinions of medical interest groups have no bearing on the constitutionality of Alabama's law, and thus reverse the district court's discovery order, (3) determine that rational-basis review applies and reverse the district court's discovery order, or (4) determine that rational-basis review applies and affirm the district court's discovery order. Under any of these scenarios, the Court would be issuing a ruling that could conflict with a holding of the preliminary injunction panel *in the very same case*.[2]

---

[2] It is no answer to say that the panel that issues its decision second could be bound by the prior panel's ruling. That simply underscores the absurdity of having two different panels considering the same issues in the same case at the same time.

10

## II.    Assignment To The Same Panel Would Promote Judicial Economy.

Judicial economy would also be served. As evidenced by oral argument, the preliminary injunction appeal panel has already delved extensively into the facts and law of this case, which involves a long procedural history, significant legal questions, and a massive record. As discussed, the existing appeal and this proceeding implicate the same issues. It would be wasteful for a new panel to consider these same issues at the same time and duplicate the work that the existing panel has already done.

Moreover, parties—and the judicial system as a whole—benefit from expeditious resolution of discovery disputes. *E.g.*, *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) ("We intend to protect the ability of district courts to police discovery simply and speedily."). And speedy resolution of this proceeding is particularly important given that discovery delays caused in part by WPATH have *already* delayed trial and the district court has indicated that it "expect[s] discovery to start moving really, really, really fast" to avoid any more delays. Doc. 288 at 37. The best way for this Court to keep the case below on schedule is to assign WPATH's petition to the panel that is already familiar with the facts and law and can rule expeditiously.

## CONCLUSION

The Court should assign this proceeding to the same panel currently considering the appeal of the preliminary injunction in this case.

Respectfully submitted,

Steve Marshall
  *Attorney General*

Christopher Mills
SPERO LAW LLC
557 East Bay Street, #22251
Charleston, South Carolina
29413
(843) 606-0640
CMills@Spero.law

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr.
  *Solicitor General*
A. Barrett Bowdre
  *Principal Deputy Solicitor General*
Bethany C. Lee
  *Assistant Solicitor General*
James W. Davis
  *Deputy Attorney General*
Benjamin M. Seiss
Charles A. McKay
  *Assistant Attorneys General*

David H. Thompson
Peter A. Patterson
Brian W. Barnes
John D. Ramer
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
bbarnes@cooperkirk.com
jramer@cooperkirk.com

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Bethany.Lee@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov
Charles.McKay@AlabamaAG.gov

Roger G. Brooks
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0200
rbrooks@adflegal.org

MAY 30, 2023

12

## CERTIFICATE OF COMPLIANCE

1.      I certify that this motion complies with the type-volume limitations set forth in Fed. R. App. P. 27(d)(2)(A). This motion contains 2541 words, including all headings, footnotes, and quotations, and excluding the parts of the response exempted under Fed. R. App. P. 32(f).

2.      In addition, this response complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman font.

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr.
*Counsel for State Respondents*

## CERTIFICATE OF SERVICE

I certify that on May 30, 2023, I electronically filed this document using the

Court's CM/ECF system, which will serve counsel of record.

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr.
*Counsel for State Respondents*

14