No. 23-11753

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

*In re: World Professional Association for Transgender Health,*
Petitioner

On Petition from the U.S. District Court for the Middle District of Alabama
No. 2:22-cv-00184
(Hon. Liles C. Burke)

## WPATH'S RESPONSE TO STATE RESPONDENTS' MOTION TO ASSIGN PROCEEDING TO PRELIMINARY INJUNCTION PANEL

Barry A. Ragsdale (ASB 2958A23B)
Robert S. Vance III (ASB 9916B11Q)
DOMINICK FELD HYDE, P.C.
1130 22nd Street South Ridge Park
Suite 4000
Birmingham, AL 35205
Phone: (205) 536-8888

D. Jean Veta (D.C. Bar No. 358980)*
Cortlin H. Lannin (CA Bar No. 266488)
William Isasi (D.C. Bar No. 470878)*
Michael J. Lanosa (CA Bar No. 301241)*
José Girón (MD Bar No. 2211280185)*
Emile J. Katz (D.C. Bar No. 90006190)*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., N.W.
Washington, D.C. 20001
Phone: (202) 662-6000

*Counsel for Petitioner*
*\*Pro Hac Vice application forthcoming*

# **CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to Eleventh Circuit Rule 26.1-1, undersigned counsel for the World Professional Association for Transgender Health ("WPATH") hereby certifies that the list of interested parties contained in the State Respondents' Motion to Assign Proceeding to Preliminary Injunction Panel is complete.

The undersigned counsel further certifies, pursuant to Federal Rule of Appellate Procedure 26.1, that WPATH has no parent corporation, and no corporations hold any stock in WPATH.

i

# RESPONSE TO MOTION

Petitioner World Professional Association for Transgender Health ("WPATH") submits this response to the State Respondents' motion (Doc. 5) to assign WPATH's Petition for a Writ of Mandamus to the same panel that heard an earlier appeal arising from the same underlying district court case. *See Eknes-Tucker v. Governor of Alabama*, No. 22-11707. WPATH takes no position on the composition of the panel that will hear its Petition. It submits this response solely to address one incorrect premise on which the State's Motion relies.

The State repeatedly claims that the earlier appeal and WPATH's Petition raise the same issue: "the appropriate level of scrutiny triggered by Alabama's law." Mot. at 9; *see also id.* at 2 (claiming earlier appeal and Petition implicate "whether and how heightened scrutiny applies"). WPATH is not a party to the earlier appeal (or the underlying case), but assumes *arguendo* that the State has accurately characterized the issue raised there: whether the District Court applied the appropriate level of constitutional scrutiny to plaintiffs' Due Process and Equal Protection claims. However, that is *not* the issue raised by WPATH's Petition. Rather, WPATH's Petition concerns the District Court's application of an incorrect standard for evaluating WPATH's assertion of a First Amendment privilege over certain materials subpoenaed by the State; and its failure to consider whether the

1

subpoenaed material meets the heightened relevance standard that applies in the First Amendment context.

The State attempts to link these disparate issues by claiming that "[t]o balance the relevancy and burdensomeness of the discovery subpoena involved in *this* proceeding, the Court may need to consider the applicable level of scrutiny for the underlying claims." Mot. at 10 (emphasis in original). That reasoning is frankly lost on WPATH; it is unclear why or how resolving the issues presented in WPATH's Petition would require that panel to resolve whether plaintiffs' constitutional claims in the underlying litigation are subject to heightened scrutiny.

## CONCLUSION

As noted, WPATH takes no position on the composition of the panel that will hear its Petition. However, that determination should not be based on the incorrect premise that resolving WPATH's Petition will somehow require the panel to revisit the level of constitutional scrutiny that applies to plaintiffs' claims in the underlying litigation.

| | |
|---|---|
| Dated: May 31, 2023 | Respectfully submitted, |
| | */s/ Cortlin H. Lannin* |
| D. Jean Veta (D.C. Bar No. 358980)* | Cortlin H. Lannin |
| William Isasi (D.C. Bar No. 470878)* | COVINGTON & BURLING LLP |
| José Girón (MD Bar No. 2211280185)* | Salesforce Tower |
| Emile J. Katz (D.C. Bar No. 90006190)* | 415 Mission St., Suite 5400 |
| COVINGTON & BURLING LLP | San Francisco, CA 94105 |
| One CityCenter | Phone: (415) 591-6000 |
| 850 Tenth St., N.W. | clannin@cov.com |
| Washington, D.C. 20001 | |
| Phone: (202) 662-6000 | Michael J. Lanosa (CA Bar No. 301241)* |
| jveta@cov.com | COVINGTON & BURLING LLP |
| wisasi@cov.com | 1999 Avenue of the Stars |
| | Los Angeles, CA 90067-4643 |
| Barry A. Ragsdale | Phone: (424) 332-4800 |
| DOMINICK FELD HYDE, P.C. | mlanosa@cov.com |
| 1130 22nd Street South Ridge Park | |
| Suite 4000 | **pro hac vice* applications forthcoming |
| Birmingham, AL 35205 | |
| Phone: (205) 536-8888 | |
| BRagsdale@dfhlaw.com | |
| | |
| Robert S. Vance, III | |
| DOMINICK FELD HYDE, P.C. | |
| 1130 22nd Street South Ridge Park | |
| Suite 4000 | |
| Birmingham, AL 35205 | |
| Phone: (205) 536-8888 | |
| RVance@dfhlaw.com | |

3

## **CERTIFICATE OF COMPLIANCE**

1. I certify that this brief complies with the type-volume limitations set forth in Fed. R. App. P. 27(d)(2)(A). This response contains 370 words, including all headings, footnotes, and quotations, and excluding the parts of the response exempted under Fed. R. App. P. 32(f).

2. In addition, this response complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Cortlin H. Lannin*
Cortlin H. Lannin

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ Cortlin H. Lannin*
Cortlin H. Lannin
