# EXHIBIT 17

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STEVE MARSHALL, et al.,<br><br>Defendants. | No. 2:22-cv-00184-LCB-CWB |

## NON-PARTY WPATH'S RESPONSE TO DEFENDANTS' NOTICE REGARDING DISCOVERY SCHEDULE

Non-party World Professional Association for Transgender Health (WPATH) submits this response to the State of Alabama's Notice Regarding Discovery Schedule. Doc. 293. In that Notice, the State asks the Court to order WPATH to begin producing documents immediately, even though WPATH's Petition for a Writ of Mandamus seeking to withhold those documents on privilege grounds remains pending with the Eleventh Circuit. For several reasons, the Court should deny the State's request. Instead, and as is discussed below, WPATH proposes to move the Eleventh Circuit to act on its petition by August 15, 2023, which would still permit ample time for WPATH to complete its production by the current October 1, 2023 deadline in the event its appeal is unsuccessful.

1

*First*, the current scheduling order provides sufficient time for the Eleventh Circuit to act *and* for WPATH to produce documents in the event its appeal is unsuccessful. Specifically, there are still more than three months remaining for WPATH to "produce complete discovery in response to Defendants' Rule 45 subpoena by October 1," as the Fifth Amended Scheduling Order requires. Doc. 292. As the Court is aware, WPATH has not been sitting on its hands while it pursues its appellate options; rather, it has been collecting and reviewing documents so that it will be prepared to expeditiously produce responsive documents if the Eleventh Circuit denies its petition. Indeed, as the State begrudgingly acknowledges, WPATH has now shared the potential parameters and scope of an email production with the State; and WPATH intends to continue moving on that email review even while its petition remains pending.

The State nonetheless asserts that it needs this discovery "*now*" because it needs to assess whether "third-party subpoenas may be necessary for other potential custodians Defendants have suggested." Notice at 13 (emphasis in original). Putting aside the proprietary of the State threatening to subpoena individual third-party doctors and academics who volunteer their time to contribute to WPATH work-product – an issue that can be litigated another day, if the State goes down that path – the current scheduling order does not mandate the urgency the State claims. That is because, while WPATH is required to complete the

2

production of documents responsive to *its* existing Rule 45 subpoena by October 1, the State has five more months from then (until February 2, 2024) to complete *other* fact discovery, including yet-to-be-served discovery. Doc. 292.

*Second*, requiring WPATH to produce materials over which it has asserted a First Amendment privilege while its appeal remains pending would irreparably harm the organization. As courts have repeatedly recognized, such an order would raise acute "cat out of the bag" concerns and harm the organization in a way its pending appeal, *even if ultimately successful*, cannot remedy. *See In re Itron, Inc.*, 883 F.3d 553, 567 (5th Cir. 2018) (holding that an appeal after "privileged communications … have been disclosed pursuant to the district court's order" will "come too late" to remedy the harm to the privilege-holder); *In re Lott*, 424 F.3d 446, 451-52 (6th Cir. 2005) ("Mandatory disclosure of [privileged] communications is the exact harm the privilege is meant to guard against … If [a] District Court's discovery order is in error and [a party] is wrongfully forced to disclose privileged communications, there is no way to cure the harm done to [the party] or to the privilege itself, even if some of the disclosure's consequences could be remedied on direct appeal.").[1]

---

[1] *See also, e.g.*, *In re Sims*, 534 F.3d 117, 129 (2d Cir. 2008) (noting that if a party is compelled to disclose privileged information, "a remedy after final judgment cannot unsay the confidential information that has been revealed") (citation omitted); *United States v. West*, 672 F.2d 796, 799 (10th Cir. 1982) ("Any

In light of the issues raised above, WPATH proposes to move the Eleventh Circuit to act on its petition by August 15, 2023. If the Eleventh Circuit ultimately denies its petition, that would still permit ample time for WPATH to complete its production in response to the State's subpoena by the existing October 1, 2023 deadline. It would also avoid the damage that would result if WPATH is compelled to produce documents now that the Eleventh Circuit later agrees *are* privileged.

Dated: June 23, 2023                                  Respectfully submitted,

                                                     */s Cortlin H. Lannin*
                                                     Cortlin H. Lannin

Cortlin H. Lannin (CA Bar No. 266488)         D. Jean Veta (D.C. Bar No. 358980)
(admitted *pro hac vice*)                      (admitted *pro hac vice*)
COVINGTON & BURLING LLP                        Noah S. Goldberg (D.C. Bar No.
Salesforce Tower                               90003045) (admitted *pro hac vice*)
415 Mission St., Suite 5400                    COVINGTON & BURLING LLP
San Francisco, CA 94105                        One CityCenter
Phone: (415) 591-6000                          850 Tenth St., N.W.
clannin@cov.com                                Washington, D.C. 20001
                                               Phone: (202) 662-6000

---

subsequent review [of a district court order compelling the disclosure of information claimed to be privileged], even after limited disclosure, would be for naught, because the damage would already be accomplished. Thus, appellate review of the claim would be meaningless."); *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 761 (D.C. Cir. 2014) ("[A]ppeal [from an order to produce privileged documents] after final judgment will often come too late because the privileged materials will already have been released. In other words, 'the cat is out of the bag.'").

Barry A. Ragsdale (ASB 2958-A23B)  
Robert S. Vance III (ASB 9916-B11Q)  
DOMINICK FELD HYDE, P.C.  
1130 22nd Street South Ridge Park  
Suite 4000  
Birmingham, AL 35205  
Phone: (205) 536-8888  
BRagsdale@dfhlaw.com  
RVance@dfhlaw.com  

jveta@cov.com  
ngoldberg@cov.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s Cortlin H. Lannin